1  JOEL D. SIEGEL (Bar No. 155581)
   joel.siegel@dentons.com
2  PAUL M. KAKUSKE (Bar No. 190911)
   paul.kakuske@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5704
   Telephone:  (213) 623-9300
5  Facsimile:  (213) 623-9924

6  Attorneys for Defendant
   Applebee's International, Inc.

7

8

9

10           UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12 JONEETA BYRD, individually, and on      Case No.   '14CV1697 JM   KSC
   behalf of all others similarly situated,,
13                                          APPLEBEE'S INTERNATIONAL,
              Plaintiff,                    INC.'S NOTICE OF REMOVAL
14                                          UNDER CAFA, 28 U.S.C. § 1332, 28
       vs.                                  U.S.C. § 1441, AND 28 U.S.C. §
15                                          1453
   APPLEBEE'S INTERNATIONAL,
16 INC., a Delaware corporation; and
   DOES 1-10, Inclusive,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

82511876\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
2   THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND
3   HER ATTORNEYS OF RECORD:

4   PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act
5   ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. §1441, and 28 U.S.C. §1453, Defendant
6   Applebee's International, Inc. hereby removes the above-captioned action from the
7   Superior Court of the State of California for the County of San Diego to this Court.
8   The grounds for removal are as follows:

9   **I.   BACKGROUND**

10  1.   On June 17, 2014, plaintiff Joneeta Byrd ("Plaintiff") filed a civil
11  action, on behalf of a putative California class, in the Superior Court of the
12  State of California for the County of San Diego entitled *Joneeta Byrd,*
13  *individually, and on behalf of all others similarly situated v. Applebee's*
14  *International, Inc.*, Case No. 37-2014-00019536-CU-MT-CTL ("the "State
15  Court Action"). The sole named defendant in the State Court Action is
16  Applebee's International, Inc. ("Applebee's").

17  2.   Plaintiff alleges a single cause of action for invasion of privacy in
18  violation of California Penal Code section 632.7.

19  3.   On June 19, 2014, a copy of the Summons, Complaint, and
20  associated papers were personally served on Applebee's registered agent for
21  service of process. Pursuant to 28 U.S.C. § 1446(a), Applebee's has attached
22  as Exhibit A all of the pleadings and papers filed and served upon it in the State
23  Court Action.

24  4.   The State Court Action is removable to this Court, and this Court
25  has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. §
26  1441(a) and (b), and 28 U.S.C. § 1453, because the State Court Action satisfies
27  all the requirements under CAFA for federal jurisdiction. Based upon the
28  allegations in the Complaint: (1) the proposed class consists of more than 100

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82485776\V-1

1   putative class members; (2) the parties are minimally diverse; (3) the amount in

2   controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the

3   exceptions to CAFA preventing removal do not apply here.

4   **II.     THE STATE COURT ACTION IS REMOVABLE UNDER CAFA,**

5   **         28 U.S.C. § 1332(d).**

6          5.     Plaintiff brings this case as a putative class action pursuant to

7   California Code of Civil Procedure section 382.  (Complaint ¶¶ 11-17).  In

8   particular, Plaintiff filed this putative class action complaint on behalf of "[a]ll

9   persons located in California whose wireless telephone conversations with

10  [Applebee's] were intentionally recorded without disclosure by [Applebee's] at

11  any time during the statute of limitations period through the date of final

12  judgment in this action."  (Complaint ¶ 11).  Therefore, this action is a

13  proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil

14  action filed under Rule 23 of the Federal Rules of Civil Procedure or similar

15  State statute or rule of judicial procedure authorizing an action to be brought by

16  1 or more representative persons as a class action."

17         6.     CAFA reflects Congress's intent to have federal courts adjudicate

18  substantial class action suits brought against out-of-state defendants.  Toward

19  that end, CAFA expands federal jurisdiction over class actions and expressly

20  provides that class actions filed in state court are removable to federal court

21  where (a) the putative class contains at least 100 class members; (b) any

22  member of the putative class is a citizen of a State different from that of any

23  defendant; and (c) the aggregate amount in controversy for the putative class

24  exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d); *see*

25  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).  This

26  suit satisfies all the requirements under CAFA for federal jurisdiction.

27         **A.     The Putative Class Exceeds 100 Members.**

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82511876\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7.    CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is unquestionably met here. Plaintiff alleges that "that the total number of Class members is at least in the tens of thousands . . . ." (Complaint ¶ 13).

### B.    Minimal Diversity Exists.

8.    CAFA requires minimal diversity – at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, many putative class members are citizens of the State of California. Specifically, the putative class consists of "[a]ll persons <u>located in California</u> whose wireless telephone conversations with [Applebee's] were intentionally recorded without disclosure by [Applebee's] at any time during the statute of limitations period . . . ." (Complaint ¶ 11) (underscore added). Moreover, Plaintiff alleges that potential class members are "geographically dispersed across California." (*Id.* ¶ 13).

9.    In fact, the putative class contains at least one putative class member who is expressly identified as a citizen of the State of California, namely, Plaintiff Joneeta Byrd. Plaintiff Byrd alleges that she is a "resident" of California. (Complaint ¶ 1); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. . . ."). Moreover, "a person's place of residence . . . is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D.Cal. June 12, 2009) (same).

10.    Under CAFA, "a corporation is a citizen in the state of its incorporation, as well as in the state of its principal place of business." *Korn v.*

82511876\V-1

APPLEBEE'S INTERNATIONAL, INC.'S NOTICE OF REMOVAL

*Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D.Cal. 2008) (citing *Breitman v. May Co. California,* 37 F.3d 562, 564 (9th Cir.1994)).  Defendant Applebee's is a corporation organized under the laws of the State of Delaware. *See* Complaint ¶ 2; Declaration of Bob Nygren In Support of Applebee's International, Inc.'s Notice of Removal ("Nygren Decl."), ¶ 2.

11.    The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

12.    Here, Applebee's executive officers direct, control, and coordinate its activities from its headquarters in Kansas City, Missouri.  (Nygren Decl. ¶ 2).  Thus, Applebee's principal place of business is in the State of Missouri, by which its citizenship for diversity purposes is established.  Because Applebee's is a citizen of Delaware and Missouri for purposes of CAFA, minimal diversity exists.

### C.    The CAFA Amount-in-Controversy Requirement is Satisfied

13.    CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").  A defendant need only make a factual showing that it is more likely than not that the amount in controversy exceeds $5,000,000.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  The ultimate inquiry depends on what "amount [is] put in controversy by the plaintiff's complaint" - - not what a defendant will actually owe.  *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  In considering whether the amount in

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82511876\V-1

- 4 -

controversy is met, courts may consider the statutory maximum penalty available under the claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per violation'" and alleged "substantially in excess" of 5,000 transactions).

14.     Here, based upon Plaintiff's allegations and theories (which Applebee's disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied.  Plaintiff alleges "that the total number of Class members is at least in the tens of thousands." (Complaint ¶ 13).  Plaintiff's prayer for relief seeks for Plaintiff, and each member of the putative class, statutory damages pursuant to Penal Code Section 637.2. (Complaint ¶ 21 & Prayer, ¶ 2).  Penal Code Section 637.2 provides that "[a]ny person who has been injured by a violation [of Section 632.7] may bring an action against the person who committed the violation for the greater of the following amounts:  (1) Five thousand dollars ($5,000).  (2) Three times the amount of actual damages, if any . . . ."

15.     Based upon Plaintiff's allegation that there are "at least tens of thousands" of putative class members, the amount in controversy readily exceeds $5,000,000 (*i.e.*, $5,000 in statutory damages multiplied by 10,000 putative class members alone equals $50,000,000, which reflects a conservative estimate of Plaintiff's proffer of "tens of thousands" of potential claimants).

16.     In addition, Plaintiff seeks "preliminary and permanent injunctive relief enjoining [] . . . from engaging in [the allegedly unlawful] practices." (Complaint, Prayer, ¶ 1).

17.     The exceptions to CAFA preventing removal do not apply here.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82511876\V-1

- 5 -

**III.    REMOVAL TO THE SOUTHERN DISTRICT IS PROPER**

18.    This Notice of Removal is filed within thirty days of June 19, 2014, when Applebee's was served with the Summons and Complaint in the State Court Action.  Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

19.    The United States District Court for the Southern District of California embraces the county and court in which the Plaintiff filed this case. 28 U.S.C. § 84(c).  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

20.    Applebee's will promptly serve Plaintiff with this Notice of Removal, and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of San Diego, as required by 28 U.S.C. § 1446(d).


Dated:        July 18, 2014                    DENTONS US LLP
                                               JOEL D. SIEGEL
                                               PAUL M. KAKUSKE


                                               By: _____
                                                   PAUL M. KAKUSKE

                                               Attorneys for Defendant
                                               Applebee's International, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82511876\V-1

# Exhibit A

# Exhibit A

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

APPLEBEE'S INTERNATIONAL, INC., a Delaware corporation; and
DOES 1-10, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JONEETA BYRD, individually, and on behalf of all others similarly
situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/17/2014** at 08:00:00 AM
Clerk of the Superior Court
By Bernice Orihuela, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of San Diego<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2014-00019536-CU-MT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, APC 4100 Newport Place, Suite 800, Newport Beach, CA 92660, (949) 706-6464

| | | | |
|---|---|---|---|
| DATE: 06/17/2014<br>*(Fecha)* | Clerk, by | B.Ori | , Deputy |
| | *(Secretario)* | B. Orihuela | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Applebee's International, Inc., a Delaware Corporation

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

06/17/2014 at 08:00:00 AM

Clerk of the Superior Court
By Bernice Orihuela,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JONEETA BYRD, individually, and on behalf of all others similarly situated, | Case No.: 37-2014-00019536-CU-MT-CTL |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| APPLEBEE'S INTERNATIONAL, INC., a Delaware corporation; and DOES 1-10, Inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff JONEETA BYRD, on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to her own acts, which she alleges upon personal knowledge.

## I.   PARTIES

1.     Plaintiff Joneeta Byrd is a resident of California who contacted Defendant Applebee's International at (888)592-7753.  Upon information and belief, the call was routed through a telecom network located at least partially in San Diego County.

2.     Defendant Applebee's International, Inc. is a Delaware corporation, with its principal place of business in Jefferson City, Missouri, and does business in California.  The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated

- 1 -

herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3.      At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Applebee's International, Inc. and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County, conducted wrongful conduct alleged herein against residents of this County, and incidents giving rise to this action occurred at least partially in this County.

6.      Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III.      FACTS

7.      In November, 2013 while located in California, Plaintiff called Defendant at (888)592-7753 from a wireless telephone. Plaintiff spoke to an employee/customer service representative of Defendant who identified herself as "Laura."

8.      Plaintiff was not aware that the call was being recorded. Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded. Plaintiff did not give either express or implied consent to the recording.

9.      After completing her call, Plaintiff learned that Defendant records *all* incoming telephone calls, including the call from Plaintiff, but that Defendant does not disclose this to every caller, and did not disclose it to Plaintiff.

10.     Plaintiff expected that her telephone call would be private (i.e., neither recorded nor

- 2 -

monitored) due to Defendant's failure to disclose any recording or monitoring.

## IV.    CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> *"All persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action."* (the "Class").

12.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded.

13.    The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

14.    There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

        (a)    Whether Defendant intentionally records telephone calls;

        (b)    Whether Defendant discloses its intentional recording of telephone communications; and

(c)     Whether Defendant's conduct constitutes a violation of California Penal

Code section 632.7.

15.     Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

16.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.   Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

## V.     CAUSE OF ACTION
### Penal Code § 632.7
### (By Class Against All Defendants)

18.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

19.     Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone.  No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

///

-4-

20.     Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

21.     Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code.  Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

22.     Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

2.     For certification of the putative class and an award of statutory damages thereto;

3.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure § 1021.5 and the common law private attorney general doctrine;

4.     For costs of suit; and

5.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: June 16, 2014                        NEWPORT TRIAL GROUP, APC


By:_____
Scott J. Ferrell
Attorney for Plaintiff and the Class

- 5 -

CLASS ACTION COMPLAINT

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES
REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 010214-24 (A)

This order superseded General Order No.: 010214-24.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic
Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and
storage, facilitate electronic access to civil court files and, in Phase Two, allow remote
electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the
Program is to create a paperless or electronic file in all civil cases, as well as in other
case categories.

Phase One of the Program, described in General Order: *In re Procedures
Regarding Electronically Imaged Court Records, Electronic Filing, and Access to
Electronic Court Records,* involved the court's scanning of papers in newly filed cases in
designated divisions and departments (the "Imaging Project"). Phase Two of the Program

1    involved the implementation of electronic filing by counsel and parties through the court's
2    E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program
3    was limited to the Central Civil Division only and it excluded Probate and Construction
4    Defect Cases. Electronic filing under Phase Three of the Program expanded electronic
5    filing to include permissive electronic filing in Probate cases. North County Civil Divisions
6    of the Superior Court and Construction Defect cases, in the Central Division, were
7    excluded from Phase Three of the Program.

8         Electronic Filing under Phase Four of the Program expands electronic filing to
9    include *mandatory* E-Filing in Construction Defect Cases in the Central Division through
10   the court's E-File Service Provider.   This General Order relates to Phase Four, and
11   supplements General Orders: *In re Procedures Regarding Electronically Imaged Court*
12   *Records, Electronic Filing, and Access to Electronic Court Records.*

13        Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service
14   Provider One Legal will be required for all Construction Defect Cases, including those
15   currently being filed through File&Serve Xpress (fka LexisNexis File&Serve). As of **5:01**
16   **p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve
17   Xpress. Further information on these initiatives can be found on the court's website, at
18   www.sdcourt.ca.gov.

19        Filing and service of documents by electronic means is governed by Code of Civil
20   Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and
21   CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing
22   are available on the court's website at www.sdcourt.ca.gov.   Litigants and attorneys
23   electronically filing documents must comply with all applicable rules and requirements.

24        This General Order supercedes and replaces all Electronic Filing and Service
25   Orders previously entered in Construction Defect Cases.

26   **GENERAL E-FILING REQUIREMENTS**

27        Documents can only be electronically filed through the court's electronic service
28   provider (the "Provider").  E-file Provider information is available on the court's website.

1    Any document filed electronically shall be considered as filed with the Clerk of the

2   Superior Court when it is first transmitted to the Provider and the transmission is

3   completed, except that any document filed on a day that the court is not open for business,

4   or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed

5   to have been filed on the next court day.

6    Additional and more specific information on electronic filing can be found on the

7   court's website.

8    This Order shall expire on December 31, 2014, unless otherwise ordered by this

9   court.

10    IT IS SO ORDERED.

11   Dated:  March 28, 2014

12   HON. DAVID J. DANIELSEN
     PRESIDING JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing*.

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either:  (1) the case is first initiated on or after March 4, 2013; or (2)  the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are:  civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set

forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions).   "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal.

Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

Revised 3-10-14

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider").  See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261.  Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site.  Documents not so bookmarked are subject to rejection.  Moving papers with exhibits that are not bookmarked will be rejected.  (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document

Revised 3-10-14

applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO

Revised 3-10-14

- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

**DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS**

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report

Revised 3-10-14

- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 3-10-14

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):   Joneeta Byrd |
|---|
| DEFENDANT(S): Applebee's International Inc |
| SHORT TITLE:    JONEETA BYRD VS APPLEBEE'S INTERNATIONAL INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2014-00019536-CU-MT-CTL |
|---|---|

Judge: Joan M. Lewis                                               Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                 ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                      ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____                  _____
Name of Plaintiff                                       Name of Defendant

_____                  _____
Signature                                              Signature

_____                  _____
Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____                  _____
Signature                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  06/17/2014                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7065 | |

| PLAINTIFF(S) / PETITIONER(S): Joneeta Byrd |
|---|

| DEFENDANT(S) / RESPONDENT(S): Applebee's International Inc |
|---|

| JONEETA BYRD VS APPLEBEE'S INTERNATIONAL INC [E-FILE] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER: 37-2014-00019536-CU-MT-CTL |

## CASE ASSIGNMENT

Judge: Joan M. Lewis                                          Department: C-65

## COMPLAINT/PETITION FILED: 06/17/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/21/2014 | 10:15 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2014-00019536-CU-MT-CTL   CASE TITLE:
Joneeta Byrd vs Applebee's International Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell, Bar No. 202091<br>NEWPORT TRIAL GROUP, APC<br>4100 Newport Place Drive, Ste. 800<br>Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO.: (949) 706-6469<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/17/2014** at 08:00:00 AM<br>Clerk of the Superior Court<br>By Bernice Orihuela,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway, Room 225 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA  92101 |
| BRANCH NAME: Hall of Justice |

| CASE NAME:<br>BYRD v. APPLEBEE'S INTERNATIONAL, INC., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2014-00019538-CU-MT-CTL |
|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000)   [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joan M. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [✓] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* One
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 16, 2014

Scott J. Ferrell, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action**. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

1 | JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
2 | PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
3 | DENTONS US LLP
601 South Figueroa Street, Suite 2500
4 | Los Angeles, California  90017-5704
Telephone:     (213) 623-9300
5 | Facsimile:     (213) 623-9924

6 | Attorneys for Defendant
Applebee's International, Inc.

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10 |

11 | JONEETA BYRD, individually, and on behalf of all others similarly situated,,

No. 37-2014-00019536-CU-MT-CTL

12 | Plaintiff,

APPLEBEE'S INTERNATIONAL, INC.'S NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED UNDER CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441, AND 28 U.S.C. § 1453

13 | vs.

14 | APPLEBEE'S INTERNATIONAL, INC., a Delaware corporation; and DOES 1-10, Incljusive,

15 |

16 | Defendants.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

82542799\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED UNDER CAFA

1   TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2   NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1332, 1441, 1446 and

3   1453, this action has been removed to the United States District Court for the Southern District of

4   California.  Copy of the Notice of Removal of Civil Action filed in the District Court is attached

5   as Exhibit "1."

6   All further proceedings in this action shall take place before the United States District

7   Court for the Southern District of California.

8

9   Dated: July 18, 2014                    DENTONS US LLP
                                            JOEL D. SIEGEL
10                                          PAUL M. KAKUSKE

11

12   By: _____ /pmc
                                            JOEL D. SIEGEL
13
                                            Attorneys for Defendant
14                                          Applebee's International, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

82542799\V-1

- 2 -

NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED UNDER CAFA

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**PROOF OF SERVICE**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704.

     On July 18, 2014, I served the foregoing document(s), described as **APPLEBEE'S INTERNATIONAL, INC.'S NOTICE TO PLAINTIFF THAT ACTION AHS BEEN REMOVED UNDER CAFA, 28 U.S.C. §1332, 28 U.S.C. §1441, AND 28 U.S.C. §1453,** on each interested party in this action by placing ☐ the original ☒ a true copy thereof in a sealed envelope(s) (except in the case of electronic or facsimile service) addressed as follows:

     NEWPORT TRIAL GROUP
     Scott J. Ferrell, Esq.,
     Richard H. Hikida, Esq.
     David W. Reid, Esq.
     4100 Newport Place, Suite 800
     Newport Beach, CA 92660
     Telephone:  949-706-6464
     Facsimile:  949-706-6469

☒    UNITED STATES MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒    STATE:  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on July 18, 2014, at Los Angeles, California.

Russell P. Ritchie
(TYPE OR PRINT NAME)          (SIGNATURE OF DECLARANT)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82561480\V-1

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Joneeta Byrd | Applebee's International, Inc. |

**(b)** County of Residence of First Listed Plaintiff  California (county not alleged)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Newport Trial Group
4100 Newport Place, Suite 800
Newport Beach, CA 92660
(949) 706-6464

Attorneys *(If Known)*
Dentons US LLP
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017
(213) 623-9300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

(Nature of suit checkboxes — none marked except PERSONAL INJURY 360 Other Personal Injury [x])

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CAFA, 28 USC s 1332(d)
Brief description of cause:
Violation of California Invasion of Privacy Act

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.C.v.P.   DEMAND $> $5 million
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 7/18/2014   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

1  JOEL D. SIEGEL (Bar No. 155581)
   joel.siegel@dentons.com
2  PAUL M. KAKUSKE (Bar No. 190911)
   paul.kakuske@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5704
   Telephone:   (213) 623-9300
5  Facsimile:   (213) 623-9924

6  Attorneys for Defendant
   Applebee's International, Inc.

7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  JONEETA BYRD, individually, and on          Case No. _____
    behalf of all others similarly situated,,
12                                              **DEFENDANT APPLEBEE'S
                Plaintiff,                      INTERNATIONAL, INC.'S
13                                              NOTICE TO PLAINTIFF THAT
         v.                                     ACTION HAS BEEN REMOVED
14                                              UNDER CAFA, 28 U.S.C. § 1332,
    APPLEBEE'S INTERNATIONAL,                   28 U.S.C. § 1441, AND 28 U.S.C. §
15  INC., a Delaware corporation; and           1453**
    DOES 1-10, Inclusive,,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

82542872\V-1

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1332, 1441, 1446 and 1453, this action has been removed to the United States District Court for the Southern District of California.  Copies of the Notice of Removal of Civil Action filed in the District Court (with exhibits) and the Notice That Action Has Been Removed filed in the Superior Court of California for the County of San Diego, are attached as Exhibit "1."

All further proceedings in this action shall take place before the United States District Court for the Southern District of California.

Dated:        July 18, 2014              DENTONS US LLP

                                         By: _____
                                             Joel D. Siegel
                                             Paul M. Kakuske

                                         Attorneys for Defendant
                                         Applebee's International, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82542872\V-1

NOTICE TO PLAINTIFF THAT ACTION
HAS BEEN REMOVED UNDER CAFA

# Exhibit 1

# Exhibit 1

# Exhibit 1

1  | JOEL D. SIEGEL (Bar No. 155581)
   | joel.siegel@dentons.com
2  | PAUL M. KAKUSKE (Bar No. 190911)
   | paul.kakuske@dentons.com
3  | DENTONS US LLP
   | 601 South Figueroa Street, Suite 2500
4  | Los Angeles, California 90017-5704
   | Telephone: (213) 623-9300
5  | Facsimile: (213) 623-9924

6  | Attorneys for Defendant
   | Applebee's International, Inc.

7

8

9

10 | UNITED STATES DISTRICT COURT

   | SOUTHERN DISTRICT OF CALIFORNIA
11

12 | JONEETA BYRD, individually, and on          Case No.
   | behalf of all others similarly situated,,
13 |                                             APPLEBEE'S INTERNATIONAL,
   |                    Plaintiff,              INC.'S NOTICE OF REMOVAL
14 |                                             UNDER CAFA, 28 U.S.C. § 1332, 28
   |          vs.                                U.S.C. § 1441, AND 28 U.S.C. §
15 |                                             1453
   | APPLEBEE'S INTERNATIONAL,
16 | INC., a Delaware corporation; and
   | DOES 1-10, Inclusive,
17 |
   |                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

82511876\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. §1441, and 28 U.S.C. §1453, Defendant Applebee's International, Inc. hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego to this Court. The grounds for removal are as follows:

## I.   BACKGROUND

1.     On June 17, 2014, plaintiff Joneeta Byrd ("Plaintiff") filed a civil action, on behalf of a putative California class, in the Superior Court of the State of California for the County of San Diego entitled *Joneeta Byrd, individually, and on behalf of all others similarly situated v. Applebee's International, Inc.*, Case No. 37-2014-00019536-CU-MT-CTL ("the "State Court Action"). The sole named defendant in the State Court Action is Applebee's International, Inc. ("Applebee's").

2.     Plaintiff alleges a single cause of action for invasion of privacy in violation of California Penal Code section 632.7.

3.     On June 19, 2014, a copy of the Summons, Complaint, and associated papers were personally served on Applebee's registered agent for service of process. Pursuant to 28 U.S.C. § 1446(a), Applebee's has attached as Exhibit A all of the pleadings and papers filed and served upon it in the State Court Action.

4.     The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction. Based upon the allegations in the Complaint:  (1) the proposed class consists of more than 100

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82485776\V-1

putative class members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the exceptions to CAFA preventing removal do not apply here.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA, 28 U.S.C. § 1332(d).

5. Plaintiff brings this case as a putative class action pursuant to California Code of Civil Procedure section 382. (Complaint ¶¶ 11-17). In particular, Plaintiff filed this putative class action complaint on behalf of "[a]ll persons located in California whose wireless telephone conversations with [Applebee's] were intentionally recorded without disclosure by [Applebee's] at any time during the statute of limitations period through the date of final judgment in this action." (Complaint ¶ 11). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

6. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. The Putative Class Exceeds 100 Members.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

APPLEBEE'S INTERNATIONAL, INC.'S NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7.    CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is unquestionably met here. Plaintiff alleges that "that the total number of Class members is at least in the tens of thousands . . . ." (Complaint ¶ 13).

**B.    Minimal Diversity Exists.**

8.    CAFA requires minimal diversity – at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, many putative class members are citizens of the State of California. Specifically, the putative class consists of "[a]ll persons <u>located in California</u> whose wireless telephone conversations with [Applebee's] were intentionally recorded without disclosure by [Applebee's] at any time during the statute of limitations period . . . ." (Complaint ¶ 11) (underscore added). Moreover, Plaintiff alleges that potential class members are "geographically dispersed across California." (*Id.* ¶ 13).

9.    In fact, the putative class contains at least one putative class member who is expressly identified as a citizen of the State of California, namely, Plaintiff Joneeta Byrd. Plaintiff Byrd alleges that she is a "resident" of California. (Complaint ¶ 1); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. . . ."). Moreover, "a person's place of residence . . . is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D.Cal. June 12, 2009) (same).

10.    Under CAFA, "a corporation is a citizen in the state of its incorporation, as well as in the state of its principal place of business." *Korn v.*

APPLEBEE'S INTERNATIONAL, INC.'S NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  *Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D.Cal. 2008) (citing

2  *Breitman v. May Co. California,* 37 F.3d 562, 564 (9th Cir.1994)).  Defendant

3  Applebee's is a corporation organized under the laws of the State of Delaware.

4  *See* Complaint ¶ 2; Declaration of Bob Nygren In Support of Applebee's

5  International, Inc.'s Notice of Removal ("Nygren Decl."), ¶ 2.

6       11.    The phrase "principal place of business" refers to the place where

7  a company's "high level officers direct, control, and coordinate" operations,

8  and will "typically be found" at a company's headquarters. *Hertz Corp. v.*

9  *Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

10       12.    Here, Applebee's executive officers direct, control, and coordinate

11  its activities from its headquarters in Kansas City, Missouri. (Nygren Decl. ¶

12  2). Thus, Applebee's principal place of business is in the State of Missouri, by

13  which its citizenship for diversity purposes is established.  Because Applebee's

14  is a citizen of Delaware and Missouri for purposes of CAFA, minimal diversity

15  exists.

16      **C.**    **The CAFA Amount-in-Controversy Requirement is**

17                 **Satisfied**

18       13.    CAFA also requires that the aggregate amount in controversy

19  exceed $5,000,000 for the entire putative class, exclusive of interest and costs.

20  28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class

21  members shall be aggregated to determine whether the amount in controversy

22  exceeds the sum or value of $5,000,000, exclusive of interest and costs.").  A

23  defendant need only make a factual showing that it is more likely than not that

24  the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut.*

25  *Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  The ultimate inquiry

26  depends on what "amount [is] put in controversy by the plaintiff's complaint" -

27  - not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.

28  Supp. 2d 982, 986 (S.D. Cal. 2005).  In considering whether the amount in

82511876\V-1

- 4 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  controversy is met, courts may consider the statutory maximum penalty
2  available under the claims asserted.  *See Chabner v. United of Omaha Life Ins.*
3  *Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am.,*
4  *Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy
5  satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per
6  violation'" and alleged  "substantially in excess" of 5,000 transactions).

7      14.    Here, based upon Plaintiff's allegations and theories (which
8  Applebee's disputes, but which control for removal purposes), the $5,000,000
9  amount in controversy requirement is satisfied.  Plaintiff  alleges "that the total
10  number of Class members is at least in the tens of thousands." (Complaint ¶
11  13).  Plaintiff's prayer for relief seeks for Plaintiff, and each member of the
12  putative class, statutory damages pursuant to Penal Code Section 637.2.
13  (Complaint ¶ 21 & Prayer, ¶ 2).  Penal Code Section 637.2 provides that "[a]ny
14  person who has been injured by a violation [of Section 632.7] may bring an
15  action against the person who committed the violation for the greater of the
16  following amounts:  (1) Five thousand dollars ($5,000).  (2) Three times the
17  amount of actual damages, if any . . . ."

18      15.    Based upon Plaintiff's allegation that there are "at least tens of
19  thousands" of putative class members, the amount in controversy readily
20  exceeds $5,000,000 (*i.e.*, $5,000 in statutory damages multiplied by 10,000
21  putative class members alone equals $50,000,000, which reflects a conservative
22  estimate of Plaintiff's proffer of "tens of thousands" of potential claimants).

23      16.    In addition, Plaintiff seeks "preliminary and permanent injunctive
24  relief enjoining [] . . . from engaging in [the allegedly unlawful] practices."
25  (Complaint, Prayer, ¶ 1).

26      17.    The exceptions to CAFA preventing removal do not apply here.

**III.   REMOVAL TO THE SOUTHERN DISTRICT IS PROPER**

18.   This Notice of Removal is filed within thirty days of June 19, 2014, when Applebee's was served with the Summons and Complaint in the State Court Action.  Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

19.   The United States District Court for the Southern District of California embraces the county and court in which the Plaintiff filed this case.  28 U.S.C. § 84(c).  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

20.   Applebee's will promptly serve Plaintiff with this Notice of Removal, and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of San Diego, as required by 28 U.S.C. § 1446(d).

Dated:        July 18, 2014            DENTONS US LLP
                                       JOEL D. SIEGEL
                                       PAUL M. KAKUSKE

                                       By: _____
                                            PAUL M. KAKUSKE

                                       Attorneys for Defendant
                                       Applebee's International, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82511876\V-1

APPLEBEE'S INTERNATIONAL, INC.'S NOTICE OF REMOVAL

# Exhibit A

# Exhibit A

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>APPLEBEE'S INTERNATIONAL, INC., a Delaware corporation; and<br>DOES 1-10, Inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JONEETA BYRD, individually, and on behalf of all others similarly<br>situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/17/2014** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Bernice Orihuela, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* Superior Court of San Diego<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2014-00019536-CU-MT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, APC 4100 Newport Place, Suite 800, Newport Beach, CA 92660, (949) 706-6464

| | | | |
|---|---|---|---|
| DATE: 06/17/2014<br>*(Fecha)* | | Clerk, by  B.Oru | , Deputy |
| | | *(Secretario)*  B. Orihuela | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Applebee's International, Inc., a Delaware corporation

   under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
            [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/17/2014** at 08:00:00 AM
Clerk of the Superior Court
By Bernice Orihuela,Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

JONEETA BYRD, individually, and on behalf of
all others similarly situated,

Plaintiff,

vs.

APPLEBEE'S INTERNATIONAL, INC., a
Delaware corporation; and DOES 1-10, Inclusive,

Defendants.

Case No.:  37-2014-00019536-CU-MT-CTL

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff JONEETA BYRD, on behalf of herself and all others similarly situated, alleges the

following upon information and belief based upon investigation of counsel, except to her own acts,

which she alleges upon personal knowledge.

### I.     PARTIES

1.      Plaintiff Joneeta Byrd is a resident of California who contacted Defendant Applebee's

International at (888)592-7753.  Upon information and belief, the call was routed through a telecom

network located at least partially in San Diego County.

2.      Defendant Applebee's International, Inc. is a Delaware corporation, with its principal

place of business in Jefferson City, Missouri, and does business in California.  The true names and

capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to

Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated

herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3.      At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Applebee's International, Inc. and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II.    JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County, conducted wrongful conduct alleged herein against residents of this County, and incidents giving rise to this action occurred at least partially in this County.

6.      Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III.    FACTS

7.      In November, 2013 while located in California, Plaintiff called Defendant at (888)592-7753 from a wireless telephone. Plaintiff spoke to an employee/customer service representative of Defendant who identified herself as "Laura."

8.      Plaintiff was not aware that the call was being recorded.  Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded.  Plaintiff did not give either express or implied consent to the recording.

9.      After completing her call, Plaintiff learned that Defendant records *all* incoming telephone calls, including the call from Plaintiff, but that Defendant does not disclose this to every caller, and did not disclose it to Plaintiff.

10.      Plaintiff expected that her telephone call would be private (i.e., neither recorded nor

- 2 -

monitored) due to Defendant's failure to disclose any recording or monitoring.

## IV.   CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> *"All persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action."* (the "Class").

12.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded.

13.     The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

14.     There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

> (a)     Whether Defendant intentionally records telephone calls;
>
> (b)     Whether Defendant discloses its intentional recording of telephone communications; and

(c)     Whether Defendant's conduct constitutes a violation of California Penal Code section 632.7.

15.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

16.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

## V.     CAUSE OF ACTION
### Penal Code § 632.7
### (By Class Against All Defendants)

18.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

19.     Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone. No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required. – only that the defendant intended to record the communication.

///

-4-

20.     Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

21.     Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code.  Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

22.     Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

2.     For certification of the putative class and an award of statutory damages thereto;

3.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

4.     For costs of suit; and

5.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: June 16, 2014                        NEWPORT TRIAL GROUP, APC


By:_____
       Scott J. Ferrell
       Attorney for Plaintiff and the Class

- 5 -

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**COUNTY OF SAN DIEGO**

10
11

**IN RE PROCEDURES**               **GENERAL ORDER OF THE**

12

**REGARDING**                   **PRESIDING DEPARTMENT**

13

**ELECTRONIC FILING**          **ORDER NO. 010214-24 (A)**

14
15
16
17

This order superseded General Order No.: 010214-24.

18

THIS COURT FINDS AND ORDERS AS FOLLOWS:

19

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic

20

Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and

21

storage, facilitate electronic access to civil court files and, in Phase Two, allow remote

22

electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the

23

Program is to create a paperless or electronic file in all civil cases, as well as in other

24

case categories.

25

Phase One of the Program, described in General Order: *In re Procedures*

26

*Regarding Electronically Imaged Court Records, Electronic Filing, and Access to*

27

*Electronic Court Records*, involved the court's scanning of papers in newly filed cases in

28

designated divisions and departments (the "Imaging Project"). Phase Two of the Program

1   involved the implementation of electronic filing by counsel and parties through the court's
2   E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program
3   was limited to the Central Civil Division only and it excluded Probate and Construction
4   Defect Cases. Electronic filing under Phase Three of the Program expanded electronic
5   filing to include permissive electronic filing in Probate cases. North County Civil Divisions
6   of the Superior Court and Construction Defect cases, in the Central Division, were
7   excluded from Phase Three of the Program.

8        Electronic Filing under Phase Four of the Program expands electronic filing to
9   include *mandatory* E-Filing in Construction Defect Cases in the Central Division through
10  the court's E-File Service Provider.  This General Order relates to Phase Four, and
11  supplements General Orders: *In re Procedures Regarding Electronically Imaged Court*
12  *Records, Electronic Filing, and Access to Electronic Court Records*.

13       Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service
14  Provider One Legal will be required for all Construction Defect Cases, including those
15  currently being filed through File&Serve Xpress (fka LexisNexis File&Serve). As of **5:01**
16  **p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve
17  Xpress. Further information on these initiatives can be found on the court's website, at
18  www.sdcourt.ca.gov.

19       Filing and service of documents by electronic means is governed by Code of Civil
20  Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and
21  CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing
22  are available on the court's website at www.sdcourt.ca.gov.   Litigants and attorneys
23  electronically filing documents must comply with all applicable rules and requirements.

24       This General Order supercedes and replaces all Electronic Filing and Service
25  Orders previously entered in Construction Defect Cases.

26  **GENERAL E-FILING REQUIREMENTS**

27       Documents can only be electronically filed through the court's electronic service
28  provider (the "Provider").  E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Additional and more specific information on electronic filing can be found on the court's website.

This Order shall expire on December 31, 2014, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated:  March 28, 2014

HON. DAVID J. DANIELSEN
PRESIDING JUDGE

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing*.

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either:  (1) the case is first initiated on or after March 4, 2013; or (2)  the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are:  civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set

Revised 3-10-14

forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions).  "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal.

Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

Revised 3-10-14

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document

applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:
- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO

Revised 3-10-14

- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report

Revised 3-10-14

- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 3-10-14

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): Joneeta Byrd | |
| DEFENDANT(S): Applebee's International Inc | |
| SHORT TITLE: JONEETA BYRD VS APPLEBEE'S INTERNATIONAL INC [E-FILE] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2014-00019536-CU-MT-CTL |
|---|---|

Judge: Joan M. Lewis                                        Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____


_____        _____
Name of Plaintiff                                Name of Defendant


_____        _____
Signature                                        Signature


_____        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney


_____        _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/17/2014                                _____
                                                 JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

| PLAINTIFF(S) / PETITIONER(S): | Joneeta Byrd |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Applebee's International Inc |
|---|---|

JONEETA BYRD VS APPLEBEE'S INTERNATIONAL INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00019536-CU-MT-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:   Joan M. Lewis                                              Department: C-65

**COMPLAINT/PETITION FILED:** 06/17/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/21/2014 | 10:15 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00019536-CU-MT-CTL   CASE TITLE:

Joneeta Byrd vs Applebee's International Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell, Bar No. 202091<br>NEWPORT TRIAL GROUP, APC<br>4100 Newport Place Drive, Ste. 800<br>Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464   FAX NO.: (949) 706-6469<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/17/2014** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Bernice Orihuela, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 W. Broadway, Room 225
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA  92101
BRANCH NAME: Hall of Justice

| CASE NAME:<br>BYRD v. APPLEBEE'S INTERNATIONAL, INC., et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2014-00019536-CU-MT-CTL |
| ☑ Unlimited    ☐ Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joan M. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☑ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 16, 2014
Scott J. Ferrell, Esq.
_____       ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

1   JOEL D. SIEGEL (Bar No. 155581)
    joel.siegel@dentons.com
2   PAUL M. KAKUSKE (Bar No. 190911)
    paul.kakuske@dentons.com
3   DENTONS US LLP
    601 South Figueroa Street, Suite 2500
4   Los Angeles, California 90017-5704
    Telephone:    (213) 623-9300
5   Facsimile:    (213) 623-9924

6   Attorneys for Defendant
    Applebee's International, Inc.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN DIEGO

10

11  JONEETA BYRD, individually, and on behalf      No. 37-2014-00019536-CU-MT-CTL
    of all others similarly situated,,
12                                                  APPLEBEE'S INTERNATIONAL, INC.'S
                    Plaintiff,                      NOTICE TO PLAINTIFF THAT ACTION
13                                                  HAS BEEN REMOVED UNDER CAFA,
          vs.                                       28 U.S.C. § 1332, 28 U.S.C. § 1441, AND
14                                                  28 U.S.C. § 1453
    APPLEBEE'S INTERNATIONAL, INC., a
15  Delaware corporation; and DOES 1-10,
    Inclusive,
16
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

82542799\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED UNDER CAFA

1       TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2       NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1332, 1441, 1446 and

3   1453, this action has been removed to the United States District Court for the Southern District of

4   California.  Copy of the Notice of Removal of Civil Action filed in the District Court is attached

5   as Exhibit "1."

6       All further proceedings in this action shall take place before the United States District

7   Court for the Southern District of California.

8

9   Dated: July 18, 2014

10

                                            DENTONS US LLP
                                            JOEL D. SIEGEL

11

12                                          By: _____/pmc

13                                              JOEL D. SIEGEL

14                                          Attorneys for Defendant
                                        Applebee's International, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82542799\V-1

NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED UNDER CAFA

1    JOEL D. SIEGEL (Bar No. 155581)
     joel.siegel@dentons.com
2    PAUL M. KAKUSKE (Bar No. 190911)
     paul.kakuske@dentons.com
3    DENTONS US LLP
     601 South Figueroa Street, Suite 2500
4    Los Angeles, California  90017-5704
     Telephone:  (213) 623-9300
5    Facsimile:   (213) 623-9924

6    Attorneys for Defendant
     Applebee's International, Inc.
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   JONEETA BYRD, individually, and on       Case No. _____
     behalf of all others similarly situated,,
12                                             **DEFENDANT APPLEBEE'S**
               Plaintiff,                      **INTERNATIONAL, INC.'S**
13                                             **NOTICE OF PARTY WITH**
          v.                                   **FINANCIAL INTEREST**
14
     APPLEBEE'S INTERNATIONAL,                 [LOCAL RULE 40.2; FED. R. CIV.
15   INC., a Delaware corporation; and         PROC. 7.1]
     DOES 1-10, Inclusive,,
16
               Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
     82542970\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Pursuant to Federal Rule of Civil Procedure 7.1, and Local Rule 40.2,

2    defendant Applebee's International, Inc. ("Applebee's") submits the following

3    disclosures:

4    1.    Applebee's parent company is DineEquity, Inc., a publicly traded

5    corporation.

6    2.    Applebee's has no other parent corporation and no other publicly held

7    corporation owns 10% or more of Applebee's stock.

8

9    Dated:      July 18, 2014              DENTONS US LLP

10

11                                         By: _____

12                                            Joel D. Siegel
                                             Paul M. Kakuske

13                                         Attorneys for Defendant
                                           Applebee's International, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82542970\V-1

DEFENDANT APPLEBEE'S
INTERNATIONAL, INC.'S NOTICE OF
PARTY WITH FINANCIAL INTEREST

1  JOEL D. SIEGEL (Bar No. 155581)
   joel.siegel@dentons.com
2  PAUL M. KAKUSKE (Bar No. 190911)
   paul.kakuske@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5704
   Telephone:  (213) 623-9300
5  Facsimile:   (213) 623-9924

6  Attorneys for Defendant
   Applebee's International, Inc.
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 JONEETA BYRD, individually, and on        Case No. _____
   behalf of all others similarly situated,,
12                                           **DECLARATION OF BOB
              Plaintiff,                      NYGREN IN SUPPORT OF
13                                            DEFENDANT APPLEBEE'S
       v.                                     INTERNATIONAL, INC.'S
14                                            NOTICE OF REMOVAL**
   APPLEBEE'S INTERNATIONAL,
15 INC., a Delaware corporation; and
   DOES 1-10, Inclusive,,
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

825429941\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

                              DECLARATION IN SUPPORT OF NOTICE
                                                  OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  I, Bob Nygren, declare as follows:

2          1.    I am a Vice President for Defendant Applebee's International, Inc.

3  ("Applebee's").  I have served in this capacity for over 1 year.  As part of my job

4  responsibilities, I am personally familiar with Applebee's structure and

5  organization.  I have personal knowledge of the matters set forth herein or have

6  acquired knowledge by review and analysis of the business records kept by

7  Applebee's in the normal course of business.  If called as witness, I could and

8  would competently testify to the facts set forth in this declaration, under oath.

9          2.    Applebee's is a corporation organized under the laws of the State of

10  Delaware.  Applebee's maintains its corporate headquarters in Kansas City,

11  Missouri, where its executive leadership is located.  Applebee's executive

12  officers direct, control, and coordinate Applebee's activities from its corporate

13  headquarters in Missouri.

14          I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing

15  is true and correct.

16      Signed on the 14th day of July, 2014, in Kansas City, Missouri

17

18  _____
                              BOB NYGREN
19

20

21

22

23

24

25

26

27

28

82542994\V-1

DECLARATION IN SUPPORT OF NOTICE
OF REMOVAL

1   JOEL D. SIEGEL (Bar No. 155581)
    joel.siegel@dentons.com
2   PAUL M. KAKUSKE (Bar No. 190911)
    paul.kakuske@dentons.com
3   DENTONS US LLP
    601 South Figueroa Street, Suite 2500
4   Los Angeles, California  90017-5704
    Telephone:   (213) 623-9300
5   Facsimile:   (213) 623-9924

6   Attorneys for Defendant
    Applebee's International, Inc.
7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11  JONEETA BYRD, individually, and on          Case No. _____
    behalf of all others similarly situated,,
12                                              **PROOF OF SERVICE**
                   Plaintiff,
13
         v.
14
    APPLEBEE'S INTERNATIONAL,
15  INC., a Delaware corporation; and
    DOES 1-10, Inclusive,,
16
                   Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
    82561480\V-1

                                                        PROOF OF SERVICE

**PROOF OF SERVICE**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704.

     On July 18, 2014, I served the foregoing document(s), described as

1.  Civil Cover Sheet

2.  Defendant Applebee's International, Inc.'s Notice to Plaintiff that Action has been Removed Under CAFA, 28 U.S.C. §1332, 28 U.S.C. §1441, AND 28 U.S.C. §1453

3.  Applebee's International, Inc.'s Notice of Removal Under CAFA, 28 U.S.C. §1332, 28 U.S.C. §1441, AND 28 U.S.C. §1453

4.  Defendant Applebee's International, Inc.'s Notyice of Party with Financial Interest

5.  Declaration of Bob Nygren in Support of Defendant Applebee's International, Inc.'s Notice

on each interested party in this action by placing ☐ the original ☒ a true copy thereof in a sealed envelope(s) (except in the case of electronic or facsimile service) addressed as follows:

NEWPORT TRIAL GROUP
Scott J. Ferrell, Esq.,
Richard H. Hikida, Esq.
David W. Reid, Esq.
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Telephone:  949-706-6464
Facsimile:  949-706-6469

☒   UNITED STATES MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 18, 2014, at Los Angeles, California.

Russell P. Ritchie
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82561480\V-1

PROOF OF SERVICE